RECEIVED-CLERK
U.S. DISTRICT COURT

2009 FEB 13  A 10: 59

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

GOLDSTEIN, VESPI & VAZQUEZ, LLC
264 Union Boulevard
Totowa, New Jersey 07512
(973) 595-5727
Attorneys for Plaintiffs
Peter J. Vazquez, Jr. (PJV1080)

| | |
|---|---|
| JERRY GOLDSTEIN, JOEL HONEGGER, MICHAEL MATHIEU, ONOFRIO PECORARO, HOWARD RICE, MICHAEL ROSENBAUM and BIRCHWOOD CAPITAL ADVISORS, INC., individually as well as derivatively on behalf of PTO ACQUISITION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CHRISTOPHER MILLER, JOHN E. RAYL, CHARLES A. KOENIG, MICHAEL HUMECKI, DEEP DOG PROPERTIES, LLC, TRILINK PROPERTIES, LLC, TOLTEC PROPERTIES, LLC and MEDANO PROPERTIES, LLC, <br><br> Defendants. | Civil Action No.: 09-618 (FSH) <br><br> **VERIFIED COMPLAINT** |

Plaintiffs, by way of Verified Complaint, say as follows:

## NATURE AND SUMMARY OF THE ACTION

1. Plaintiffs bring this action pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), seeking recovery of damages suffered by them as a result of the Defendants' operation and/or management of an enterprise through a pattern of racketeering activity which resulted in substantial injury to the Plaintiffs by way of improper and fraudulent transfers of property. In addition to damages, the Plaintiffs are also seeking immediate equitable relief pursuant to F.R.Civ.P. 65 barring Defendants from making additional property transfers. Such relief is necessary due to the fact that the assets of PTO Acquisition, Inc. consist primarily of mineral exploration leasehold interests, and if the fraudulent transfer of mineral exploration leasehold interests to third-parties is permitted to continue PTO Acquisition, Inc. will be irreparably harmed.

2. Plaintiffs also bring this action derivatively pursuant to Rule 23.1 of the Federal Rules of Civil Procedure on behalf and for the benefit of the corporation to remedy the wrongdoing alleged herein, including the fraudulent transfer of corporate assets.

3. Plaintiffs will fairly and adequately represent the interests of the corporation, and the within action is not a collusive one to confer jurisdiction that the court would otherwise lack.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §1331, because this action arises under the laws of the United States, particularly 18 U.S.C.A. §1964(a) and (c).

5. The Court has supplemental jurisdiction over any claims asserted that do not arise under Federal Law as they arise from the same transaction or occurrence as the federal claim.

6. Venue is proper pursuant to 18 U.S.C.A. 1965(a) in light of the fact that defendants John E. Rayl and Charles E. Koenig are found, have agents or conduct affairs in the District of New Jersey. With specific regard to this matter, defendants John E. Rayl and Charles E. Koenig worked with and transacted their affairs through Birchwood Capital Advisors, Inc. (which has its principal place of business in New Jersey) to raise capital for the companies at issue in this matter. Moreover, defendants John E. Rayl and Charles E. Koenig also conduct their affairs through an entity known as Trident Merchants Group which also has a principal place of business in New Jersey.

## THE PARTIES

7. PTO Acquisition, Inc. ("PTO") is a corporation of the State of Nevada that was incorporated on January 31, 2007.

8. Plaintiff Jerry Goldstein is a citizen of the State of New Jersey and the owner of 218,900 shares of common stock of PTO.

9. Plaintiff Joel Honegger is a citizen of the State of Illinois and the owner of 106,000 shares of common stock of PTO.

10. Plaintiff Michael Mathieu is a citizen of the State of Massachusetts and the owner of 150,150 shares of common stock of PTO.

11. Plaintiff Onofrio Pecoraro is a citizen of the State of California and the owner of 143,000 shares of common stock of PTO.

12. Plaintiff Howard Rice is a citizen of the State of New York and the owner of 225,500 shares of common stock of PTO.

13. Plaintiff Michael Rosenbaum is a citizen of the State of New York and the owner of 451,000 shares of common stock of PTO.

14. Plaintiff Birchwood Capital Advisors, Inc. is a corporation of the State of Delaware with its principal place of business in the State of New Jersey and the owner of 239,922 shares of common stock of PTO.

15. Jerry Goldstein, Joel Honegger, Michael Mathieu, Onofrio Pecoraro, Howard Rice, Michael Rosenbaum and Birchwood Capital Advisors, Inc. are collectively referred to as the "Individual Plaintiffs".

16. Christopher Miller, John E. Rayl, Charles E. Koenig and Michael Humecki are collectively referred to as the "Individual Defendants".

17. Defendant Christopher Miller is a resident of the State of Colorado, and a co-conspirator with the other Individual Defendants as set forth in greater detail in the Background section of the Complaint. He is also the CEO of PTO.

18. Defendant John E. Rayl is a resident of the State of Ohio, and a co-conspirator with the other Individual Defendants as set forth in greater detail in the Background section of the Complaint.

19. Defendant Charles E. Koenig is a resident of the State of Ohio, and a co-conspirator with the other Individual Defendants as set forth in greater detail in the Background section of the Complaint.

20. Defendant Michael Humecki is a resident of the State of Colorado, and a co-conspirator with the other Individual Defendants as set forth in greater detail in the Background section of the Complaint.

21. Defendant Deep Dog Properties, LLC is a limited liability company of the State of Colorado formed on March 13, 2008 by Charles A. Koenig. Michael Humecki is the LLC's registered agent.

22. Defendant TriLink Properties, LLC is a limited liability company of the State of Colorado formed on June 13, 2008 by Charles A. Koenig. Michael Humecki is the LLC's registered agent.

23. Defendant Toltec Properties, LLC is a limited liability company of the State of Colorado formed on June 13, 2008 by Charles A. Koenig. Michael Humecki is the LLC's registered agent.

24. Defendant Medano Properties, LLC is a limited liability company of the State of Colorado formed on June 13, 2008 by Charles A. Koenig. Michael Humecki is the LLC's registered agent.

## BACKGROUND

25. ProTerra is an independent energy company involved in the acquisition, development and production of oil and natural gas reserves.

26. Prior to 2006, ProTerra Oil & Gas Exploration Inc., ("ProTerra") and Mammoth Energy Group, Inc. ("Mammoth") were two separate entities.

27. Sometime in 2006, ProTerra became a wholly-owned subsidiary of Mammoth. (the "Merger")

28. As part of the Merger, the shareholders of ProTerra (including the Individual Plaintiffs) received shares of Mammoth.

## THE SEPARATION

29. In 2007, ProTerra separated from Mammoth. ("the Separation")

30. In conjunction with the Separation, a new entity was created named PTO Acquisition, Inc. ("PTO"), which would receive all of the shares of ProTerra from Mammoth.

31. After the Separation, ProTerra (as well as its wholly-owned subsidiary Centennial Oil & Gas, LLC ("Centennial")) was a wholly-owned subsidiary of PTO.

32. As a result of the Separation, each of the Individual Plaintiffs received shares of PTO.

33. At the conclusion of the Separation, PTO, through its subsidiaries, owned the following mineral exploration leasehold interests:

- 40,000 gross acres in Lane County, Kansas
- 2,000 gross acres in Decatur County, Kansas
- 85,000 gross acres in Roosevelt & Daniels Counties, Montana (Bakken)
- 320 gross acres in Roosevelt County, Montana (Benrud)
- 3,200 gross acres in Heurfano County, Colorado
- 320 gross acres in Morgan County, Colorado
- Four 160 acre leases in Osage County, Oklahoma

(collectively referred to as the "PTO Leases")

## THE CONVERTIBLE PROMISSORY NOTES

34. In addition to their status as stockholders, the Individual Plaintiffs were each holders of convertible promissory notes that were issued by Mammoth.

35. As part of the Separation, PTO and ProTerra were substituted as the payors of the convertible promissory notes and became obligated to perform as set forth in the convertible promissory notes to the same extent as Mammoth.

36. All of the convertible promissory notes provided that PTO and ProTerra would pay each holder a principal amount plus ten-percent interest three-hundred-sixty (360) days after the issuance of the convertible promissory note. (the "Maturity Date")

37. The convertible promissory notes also contained provisions that provided for the payment of all reasonable costs and expenses incurred by the Individual Defendants in connection with any action to enforce the collection of sums due under the convertible promissory notes including reasonable attorneys' fees and disbursements.

38. The convertible promissory notes further provided that each holder had an option to convert his promissory note into Common Stock of PTO and/or ProTerra prior to the Maturity Date.

39. In the event that a holder did not elect to convert his promissory note into Common Stock, the principal amount and interest were to be payable in full on the Maturity Date.

40. The principal amounts of the convertible promissory notes for each of the Individual Defendants along with the dates each were issued are as follows:

- Joel Honegger — $ 25,000 — 6/30/06
- Jerry Goldstein — $ 40,000 — 6/30/06
- Michael Mathieu — $ 35,000 — 6/30/06
- Onofrio Pecoraro — $ 30,000 — 6/30/06
- Howard Rice — $ 50,000 — 6/30/06
- Michael Rosenbaum — $ 100,000 — 6/30/06
- Birchwood Capital Advisors, Inc. — $ 20,000 — 10/30/06

41. None of the Individual Plaintiffs elected to convert their promissory notes to Common Stock.

42. The Maturity Dates have passed for all of the convertible promissory notes held by the Individual Plaintiffs, but no payments have been made to any of the Individual Plaintiffs.

## THE FRAUDULENT TRANSFER OF ASSETS

43. Beginning in February of 2008, the Individual Defendants conspired to divest PTO of assets without consideration in order to sell the assets of PTO for their own benefit.

44. In conjunction with the furtherance of the aforementioned criminal enterprise, the Individual Defendants created the following limited liability companies in the State of Colorado:

- Deep Dog Properties, LLC;
- TriLink Properties, LLC;
- Toltec Properties, LLC; and
- Medano Properties, LLC.

(collectively referred to hereafter as the "Deep Dog LLCs")

45. The Deep Dog LLCs were owned by John E. Rayl and Charles E. Koenig.

46. None of the Individual Plaintiffs had any ownership interest in any of the Deep Dog LLCs.

47. Between April of 2008 and July of 2008, the Individual Defendants caused PTO to fraudulently transfer the PTO Leases to the Deep Dog LLCs.

48. No consideration was received by PTO in exchange for the transfer of the PTO leases to the Deep Dog LLCs other than nominal consideration of $10.00 per lease.

49. Neither PTO nor any of the Individual Plaintiffs received any ownership interest in the Deep Dog LLCs as part of the aforementioned transfers.

50. Upon information and belief, the Deep Dog LLCs have sold one or more of the PTO Leases and received significant amounts of money in exchange for the PTO Leases.

51. Neither PTO nor any of the Individual Plaintiffs received any monies as a result of the Deep Dog LLCs sale of one or more of the PTO Leases.

52. Upon information and belief, the proceeds from the sale of one or more of the PTO Leases by the Deep Dog LLCs have gone to the personal benefit of the Individual Defendants.

## EFFORTS TO OBTAIN DESIRED ACTION FOR THE DIRECTORS OR COMPARABLE AUTHORITY

53. The Individual Plaintiffs have not made a demand that Christopher Miller prosecute the within action on behalf of the corporation as he is directly involved in the acts that are complained of. Consequently, such a demand would be futile.

54. Regardless of the foregoing, the Individual Plaintiffs attempted to negotiate a resolution of the disputes contained herein with the Individual Defendants, but the Individual Defendants refused to return the remaining PTO Leases or the proceeds received from the sale of the PTO leases.

## FIRST COUNT

### (RICO)

55. Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections of the complaint and make each a part hereof.

56. The Plaintiffs are "persons" within the meaning of 18 U.S.C.A. §1961(3).

57. The Individual Defendants constitute a group of individuals associated in fact in an enterprise that engages in, and whose activities affect, interstate commerce.

58. The Individual Defendants operated and/or managed the enterprise through a pattern of racketeering activity as defined by 18 U.S.C.A. §1961(1) which resulted in injury to the Plaintiffs.

59. Specifically, the Individual Defendants engaged, and continue to engage, in conduct violating 18 U.S.C.A. §1341 and 18 U.S.C.A. §1343 to effectuate their scheme to defraud the Plaintiffs by transmitting via the Postal Service, commercial carrier, wire or other interstate electronic media communications in furtherance of or necessary to effectuate their scheme.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants as follows:

    a. A temporary restraining order (TRO) enjoining Defendants from transferring any of the PTO Leases and also enjoining the Deep Dog LLCs from making any payments to any of their members; (18 U.S.C.A. §1964(a) and F.R.Civ.P. 65);

    b. A preliminary injunction enjoining Defendants from transferring any of the PTO Leases and also enjoining the Deep Dog LLCs from making any payments to any of their members; (18 U.S.C.A. §1964(a) and F.R.Civ.P. 65);

    c. Treble damages (18 U.S.C.A. §1964(c));

    d. Compensatory damages;

    e. Incidental damages;

    f. Consequential damages;

    g. Restitution (including return of assets to PTO);

    h.    Attorney fees (18 U.S.C.A. §1964(c));

    i.    Interest;

    j.    Costs of suit; and

    k.    Any other relief that this Court deems equitable and just.

## SECOND COUNT

### (UNIFORM FRAUDULENT TRANSFER ACT)

60.    Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections as well as the prior counts of the complaint and make each a part hereof.

61.    The Defendants, as set forth in greater detail above, participated in a scheme to transfer assets of PTO the Deep Dog LLCs without adequate compensation.

62.    After received the assets of PTO without real consideration, the Deep Dog LLCs then transferred one or more or the former assets of PTO to third-parties for significant consideration, none of which was paid to the Plaintiffs.

63.    The foregoing scheme was conducted by the Defendants with actual intent to defraud the Individual Plaintiffs and is a violation of the Uniform Fraudulent Transfer Act, N.J.S.A. 25:2-20, *et. seq*.

**WHEREFORE**, the Individual Plaintiffs demand judgment against the Individual Defendants as follows:

    a.    A temporary restraining order (TRO) enjoining Defendants from

        transferring any of the PTO Leases and also enjoining the Deep Dog LLCs from making any payments to any of their members; (N.J.S.A. 25:2-29 and F.R.Civ.P. 65);

b.   A preliminary injunction enjoining Defendants from transferring any of the PTO Leases and also enjoining the Deep Dog LLCs from making any payments to any of their members; (N.J.S.A. 25:2-29 and F.R.Civ.P. 65);

c.   Compensatory damages;

d.   Incidental damages;

e.   Consequential damages;

f.   Restitution (including return of assets to PTO);

g.   Attorney fees;

h.   Interest;

i.   Costs of suit; and

j.   Any other relief that this Court deems equitable and just.

## THIRD COUNT

### (FRAUD)

64.   Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections as well as the prior counts of the complaint and make each a part hereof.

65. The Defendants, as set forth in greater detail above, participated in a scheme to transfer assets of PTO to the Deep Dog LLCs without adequate compensation in order to defraud the Individual Plaintiffs.

66. All of the transfers from PTO to the Deep Dog LLCs were made without adequate compensation.

67. The Defendants acted with actual intent to defraud the Individual Plaintiffs by fraudulently transferring assets to the Deep Dog LLCs without adequate compensation, and used the Deep Dog LLCs to perpetrate such fraud, creating personal liability for the Individual Defendants regardless of their use of business entities.

**WHEREFORE**, the Individual Plaintiffs demand judgment against the Individual Defendants as follows:

a. Compensatory damages;

b. Incidental damages;

c. Consequential damages;

d. Restitution (including return of assets to PTO);

e. Attorney fees;

f. Interest;

g. Costs of suit; and

h. Any other relief that this Court deems equitable and just.

## FOURTH COUNT

### (Breach of Fiduciary Duties)

68. Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections as well as the prior counts of the complaint and make each a part hereof.

69. By reason of their positions as officers, directors and/or fiduciaries of PTO, and because of their ability to control the business and corporate affairs of PTO, the Individual Defendants owed PTO and its shareholders fiduciary obligations of trust, loyalty, good faith and due care, and were and are required to use their utmost ability to control and manage PTO in a fair, just, honest and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests of PTO and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit.

70. The Individual Defendants, because of their positions of control and authority as officers, directors and/or fiduciaries of PTO, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein and set forth in greater detail in the Background section of the Complaint.

71. As a result of the foregoing, Plaintiffs have been damaged.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants as follows:

    a.    Compensatory damages;

b. Incidental damages;

c. Consequential damages;

d. Restitution (including return of assets to PTO);

e. Attorney fees;

f. Interest;

g. Costs of suit; and

h. Any other relief that this Court deems equitable and just.

## FIFTH COUNT

### (Conversion)

72. Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections as well as the prior counts of the complaint and make each a part hereof.

73. The aforementioned actions of the Defendants constitute a conversion of Plaintiffs' property.

74. As a result of such conversion, Plaintiffs have been damaged.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants as follows:

a. Compensatory damages;

b. Incidental damages;

c. Consequential damages;

    d.    Restitution (including return of assets to PTO);

    e.    Attorney fees;

    f.    Interest;

    g.    Costs of suit; and

    h.    Any other relief that this Court deems equitable and just.

## SIXTH COUNT

### (Breach of Convertible Promissory Notes)

75. Plaintiffs repeat and reiterate each and every allegation contained in the Parties and Background sections of the complaint as well as the prior counts and make each a part hereof.

76. The Individual Plaintiffs where each holders of convertible promissory notes that were payable by both PTO and ProTerra.

77. The Maturity Date has passed for all of the convertible promissory notes held by the Individual Plaintiffs, but no payment has been made and PTO and ProTerra are in default of their obligations under the convertible promissory notes.

**WHEREFORE**, the Individual Plaintiffs demand judgment against Defendants as follows:

    a.    Compensatory damages in the principal amounts of the convertible promissory notes plus interest as set forth therein;

    b.    Incidental damages;

    c.    Consequential damages;

    d.    Restitution (including return of assets to PTO);

    e.    Attorney fees;

    f.    Interest;

    g.    Costs of suit; and

    h.    Any other relief that this Court deems equitable and just.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

GOLDSTEIN, VESPI & VAZQUEZ
Attorneys for Plaintiffs

By: _____
PETER J. VAZQUEZ, JR. (1080)

Dated: February 10, 2009